IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA HARTGER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:04-CV-2124-L |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss Plaintiff's Age Discrimination Claim, filed November 29, 2004. Upon consideration of the motion, response, reply, appendices, and applicable law, the court **denies** Defendant's Motion to Dismiss Plaintiff's Age Discrimination Claim.

**I.    Procedural and Factual Background**

Plaintiff Barbara Hartger ("Plaintiff" or "Hartger") brought two causes of action against Defendant International Business Machines Corporation ("Defendant" or "IBM") pursuant to the Age Discrimination in Employment Act ("ADEA") on September 30, 2004. She asserts an age discrimination claim and a retaliation claim. Hartger, who had been employed by IBM for 24 years, was terminated on October 24, 2003 as part of a reduction program. On this same date, Hartger executed a document titled "General Release and Covenant Not to Sue" ("Agreement") effective March 24, 2004 in exchange for six months severance pay and benefits. The Equal Employment Opportunity Commission (EEOC) issued a right-to-sue letter on July 13, 2004, and Hartger filed

suit. In her complaint, Hartger acknowledges that the Agreement exists and was executed, but claims that it is "limited" in scope.

IBM raised the affirmative defense of release in its answer, contending that the Agreement bars Hartger's age discrimination claim because she waived all ADEA claims by executing it. Defendant then filed the instant motion, which seeks dismissal only of Plaintiff's age discrimination claim pursuant to Fed. R. Civ. P. 12(b)(6). Defendant attached a copy of the Agreement to the motion as an appendix and contends that the claim should be dismissed because Hartger executed a valid ADEA waiver. Plaintiff maintains that the Agreement does not bar her ADEA claims, reasoning the waiver was not knowing and voluntary because the Agreement was not written in a manner calculated to be understood.

## II.     Motion to Dismiss - 12(b)(6) Failure to State a Claim

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d

190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

**III.   Analysis**

The Older Workers Benefits Protection Act of 1990 ("OWBPA") imposes "strict, unqualified" statutory requirements upon employers who wish to enforce an employee's waiver of ADEA claims obtained by a release. *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 427 (1998). An employer must comply with all of the OWBPA requirements in order for an employee to effectively waive any ADEA claim. *Id.* Substantial compliance is not adequate. *Blakeney v. Lomas Info. Sys., Inc.*, 65 F.3d 482, 485 (5th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996). A release either satisfies all OWBPA requirements, meaning a waiver made pursuant thereto may be considered "knowing and voluntary," or a release fails to meet the requirements and is voidable. *Id.*

**Memorandum Opinion and Order - Page 3**

Under the OWBPA, in order for a release to secure an enforceable ADEA waiver, it must, at minimum, (A) be written in a manner calculated to be understood; (B) specifically refer to rights or claims arising under the ADEA; (C) not waive rights or claims arising after the date the waiver is executed; (D) be supported by consideration; and (E) advise the employee to consult with an attorney before signing. In addition, it must (F) give the employee at least 21 days to consider the agreement, or 45 days if the severance package offered in exchange for the waiver is being offered to a group or class of employees; (G) allow the employee to revoke the agreement for a period of at least 7 days following execution; and (H) if the employee's waiver is made in connection with an exit incentive or other employment termination program, the employer must provide written information concerning (i) the group of individuals covered by the program as well as any eligibility factors and applicable program time limits; and (ii) the job titles and ages of employees who were and were not selected for termination. 29 U.S.C. § 626(f)(1)(A)-(H) (2004).

The party asserting the validity of an ADEA waiver has the burden of proving the waiver was knowing and voluntary. 29 U.S.C. § 626(f)(3). Employers like IBM who seek to enforce an ADEA waiver obtained through a release must prove that their release strictly complies with the OWBPA requirements. *Id*. The court has examined the Agreement Plaintiff referenced in her complaint and Defendant attached to its motion, and considers it central to Plaintiff's claim. *See Collins*, 224 F.3d at 498-99. When the facts alleged are viewed in the light most favorable to Plaintiff and every doubt is resolved in her favor, it is clear that Defendant has, at this stage, failed to set forth allegations demonstrating that the Agreement satisfies at least two OWBPA requirements. *See Lowrey*, 117 F.3d at 247.

**Memorandum Opinion and Order - Page 4**

First, Defendant has not shown that the Agreement was written in a manner calculated to be understood by Hartger or by the average person eligible to execute the Agreement. *See* 29 USC § 626(f)(1)(A). Hartger asserted in her complaint that she executed a "limited release of her legal rights" not including her age discrimination claim. This language alone, if proved to be true, shows that Hartger had a different understanding than IBM had regarding the scope of the Agreement. Such difference in understanding could establish that the terms of the Agreement were not written in a manner calculated to be understood. *Id*. Whether Hartger really believed this is not for the court to decide in determining the present motion. Indeed, had Hartger first contended that the release was "limited" as part of her response to the present motion, the court would probably have a different view. In other words, since Hartger made an allegation and inference of ambiguity in her complaint, such allegation and inference cannot be considered an afterthought tactically inserted as a means to defeat IBM's motion.

In addition, Defendant stated in its motion that Plaintiff failed to allege that the Agreement does not comport with any of the OWBPA requirements. This statement misapplies the OWBPA burden scheme. Since IBM seeks to enforce the waiver, IBM carries the burden of demonstrating strict compliance. *See Oubre*, 522 U.S. at 428.[*]

Second, Defendant has set forth no allegations or facts indicating that Hartger received information that must be provided to employees who execute a waiver in connection with an exit incentive or employment termination program. *See* 29 U.S.C. § 626(f)(1)(H). Plaintiff alleges and Defendant admits that Hartger was terminated as part of a reduction program. This being so,

---

[*]Moreover, even if the OWBPA did not require the party seeking to enforce the waiver to demonstrate strict compliance, the burden would still be on IBM. As IBM pleaded release as an affirmative defense, *see* Fed R. Civ. P. 8(c) (2005), it must necessarily assert that Hartger can set forth no set of allegations to overcome its affirmative defense. It has not done so.

**Memorandum Opinion and Order - Page 5**

Defendant has not set forth facts or allegations showing that Hartger received written information concerning group members, eligibility factors, and applicable program time limits, nor written information concerning the job titles and ages of employees who were and were not selected for termination. *See id*.

Because IBM has not shown that the Agreement strictly complies with all OWBPA requirements, it has failed to demonstrate that the Agreement is enforceable against Hartger insofar as it purports to waive or release her age discrimination claim. *See Oubre*, 522 U.S. at 428. The court's determination does not preclude Defendant from pursuing a motion for summary judgment; however, the court refuses to perform particularized inquiries into complex facts when deciding a motion to dismiss. A motion to dismiss tests the sufficiency of the pleadings. To prevail, IBM would have to establish that Hartger can prove no set of facts showing that she is entitled to relief, despite her executing the Agreement. Viewing the pleadings in the light most favorable to Hartger, the court determines that Hartger has set forth allegations which, if proved, would entitle her to relief. Additionally, the court determines that IBM has failed to set forth allegations or facts showing that Hartger cannot overcome its affirmative defense of release.

## IV.    Conclusion

For the reasons stated herein, Defendant has failed to satisfy the OWBPA requirements. Therefore it is not beyond doubt that Plaintiff can prove no set of facts in support of her age

**Memorandum Opinion and Order - Page 6**

discrimination claim that would entitle her to relief.  Accordingly, the court **denies** Defendant's Motion to Dismiss Plaintiff's Age Discrimination Claim.

**It is so ordered** this 31st day of August, 2005.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge